**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

FILED
U.S. ...
2003 MAR -3 PM 3: 47
SOUT... ...TRICT
OF ...DIANA
LAURA A. BRIGGS
CLERK

---

ROCHE DIAGNOSTICS CORPORATION
and ROCHE DIAGNOSTICS GMBH

Plaintiffs,

v.

CHOLESTECH CORPORATION

Defendant.

CIVIL ACTION NO.

1:03-CV-0303 LJM - WTL

**COMPLAINT**

---

Plaintiffs, Roche Diagnostics Corporation and Roche Diagnostics GmbH, (hereinafter collectively "Plaintiffs"), present this Complaint of patent infringement against defendant, Cholestech Corporation, (hereinafter "Cholestech") and state:

**Parties**

1. Plaintiff Roche Diagnostics Corporation ("RDC"), a corporation organized under the laws of the State of Indiana, has its principal place of business at 9115 Hague Road, Indianapolis, Indiana 46256. RDC is engaged in the business of researching, developing, manufacturing, and selling diagnostic products for the human healthcare market.

2. Plaintiff Roche Diagnostics GmbH ("RDG"), a corporation organized under the laws of Germany, has its principal place of business at Sandhofer Strasse 116, D-68298 Mannheim Germany. RDG is engaged in the business of researching, developing, manufacturing, and selling diagnostic products for the human healthcare market.

INIMAN2 718969v1

3. Defendant, Cholestech Corporation ("Cholestech"), a corporation organized under the laws of the State of California, has its principal place of business at 3347 Investment Blvd., Hayward, CA 94545-3808. Cholestech is in the business of making and selling point-of-care diagnostic products for the human healthcare market.

## Jurisdiction and Venue

4. This is a complaint for patent infringement. The jurisdiction of this Court is properly founded under 28 U.S.C. §§ 1331 and 1338(a).

5. Venue in this Court is proper under 28 U.S.C. §§ 1391 and 28 U.S.C. § 1400(b).

6. Cholestech distributes and sells products, including the infringing products-in-suit, throughout the United States, including substantial sales in the State of Indiana and the Southern District of Indiana. Thus, Cholestech is subject to personal jurisdiction in this judicial district.

## The Patents In Suit

7. RDG is the owner of U.S. Patent No. 6,171,849 ("the '849 patent"), entitled "Method for the Determination of HDL Cholesterol by Means of a Rapid Diagnostic Agent with an Integrated Fractionating Step" (attached as Exhibit A), which is a valid patent, legally issued on January 9, 2001.

8. RDG is the owner of U.S. Patent No. 5,786,164 ("the '164 patent"), entitled "Method for Separating Non-High Density Lipoproteins from Lipoprotein Containing Body Fluid Samples" (attached as Exhibit B), which is a valid patent, legally issued on July 28, 1998. Although the '164 patent on its face was issued to Boehringer Mannheim GmbH, that entity has through merger, acquisition, and name change become Roche Diagnostics GmbH.

2

INIMAN2 718969v1

9.    RDG is the owner of U.S. Patent No. 6,214,570 ("the '570 patent"), entitled "Method for Separating Non-HDLs from HDLs, and Determining, HDL Cholesterol" (attached as Exhibit C), which is a valid patent, legally issued on April 10, 2001.

## The Infringing Conduct by Defendant

10.    The Cholestech LDX device (hereinafter "Cholestech device") is intended for near patient blood testing.

11.    The Cholestech device is a hand-held monitor that uses disposable test cassettes for testing various markers, including: (i) blood glucose, (ii) triglyceride, (iii) total cholesterol, (iv) HDL cholesterol, (v) ketone, and (vi) a lipid profile.  Four particular test cassettes that test HDL in body fluid are known as: (1) The "TC and HDL Panel – 11"; (2) the TC.HDL.Glu.Panel"; (3) the "Lipid Profile"; and (4) the "Lipid Profile Plus Glucose." Cholestech sells such disposable test cassettes for use with its Cholestech device with instructions for use by the customer.

12.    Significantly, Plaintiff RDG has already established that Cholestech has infringed a corresponding German counterpart patent of the `849, `570, and `164 patents.  That is, RDG previously filed an action against Cholestech for infringement of the German counterpart of the patents-in-suit.  On January 8, 2003, the German Regional Court having jurisdiction over that lawsuit granted judgment in favor of RDG, finding Cholestech guilty of infringement.

## Count I - Patent Infringement of the '849 Patent

13.    Plaintiffs reallege and incorporate by reference paragraphs 1-12.

INIMAN2 718969v1

14.     By engaging in the commercial manufacture, use, sale, offer for sale, and exportation of the Cholestech device and its related disposable test cassettes that test for HDL content in a body fluid, Cholestech has infringed the '849 patent under 35 U.S.C. §§ 271(a), (b), (c), and (f).

15.     Cholestech's actions constitute willful infringement of Plaintiffs' patent rights.


## Count II - Patent Infringement of the'164 Patent

16.     Plaintiffs reallege and incorporate by reference paragraphs 1-15.

17.     The Cholestech device and its related disposable test cassettes are used to practice a method claimed in the '164 patent, and constitute a material part of the invention. Cholestech has sold its disposable test cassettes that test for HDL content in a body fluid for use with its Cholestech devices, with information sufficient to actively induce its customers to infringe the '164 patent.

18.     Cholestech has engaged in the activity here complained of, knowing full well that such disposable test cassettes that test for HDL content in a body fluid are especially made or especially adapted for use in an infringement of the '164 patent, and are not a staple article or commodity of commerce suitable for substantial noninfringing use.

19.     By engaging in the commercial manufacture, use, sale, offer for sale, and exportation of the Cholestech device and its related disposable test cassettes that test for HDL content in a body fluid, Cholestech has infringed the '164 patent under 35 U.S.C. §§ 271(a), (b), (c), and (f)

20.     Cholestech's actions constitute willful infringement of Plaintiffs' patent rights.

4

## Count III - Patent Infringement of the '570 Patent

21.    Plaintiffs reallege and incorporate by reference paragraphs 1-20.

22.    The Cholestech device and its related disposable test cassettes are used to practice a method claimed in the '570 patent, and constitute a material part of the invention. Cholestech has sold its disposable test cassettes that test for HDL content in a body fluid for use with its Cholestech devices, with information sufficient to actively induce its customers to infringe the '570 patent.

23.    Cholestech has engaged in the activity here complained of, knowing full well that such disposable test cassettes that test for HDL content in a body fluid are especially made or especially adapted for use in an infringement of the '570 patent, and are not a staple article or commodity of commerce suitable for substantial noninfringing use.

24.    By engaging in the commercial manufacture, use, sale, offer for sale, or exportation of the Cholestech device and its related disposable test cassettes that test for HDL content in a body fluid, Cholestech has infringed the '570 patent under 35 U.S.C. §§ 271(a), (b), (c), and (f).

25.    Cholestech's actions constitute knowing and willful infringement of Plaintiffs' patents.

## Relief Requested

**Wherefore,** Plaintiffs pray for judgment and relief including:

(A)    A finding that Defendant has directly infringed, contributorily infringed and/or induced the infringement of one or more claims of United States Patents Nos. 6,171,849,

INIMAN2 718969v1

5,786,164, and 6,214,570 by its use, offering to sell, and sale of the its disposable test cassettes and/or Cholestech devices in the manner explained above prior to expiration of said patents;

(B)    A preliminary and permanent injunction, enjoining Defendant and its officers, agents, servants, employees, privies, and others acting for, on behalf of, or in concert with any of them from infringing of any claims of the patents in suit under 35 U.S.C. § 271(a), (b) and/or (c);

(C)    An accounting and award of damages incurred by Plaintiffs as a result of Defendant's infringement if there has been commercial manufacture, use, offer to sell, or sale within the United States or importation into the United States;

(D)    An award declaring this case exceptional pursuant to 35 U.S.C. § 285 and granting Plaintiffs their attorneys fees in pursuing this case as well as multiple damages pursuant to 35 U.S.C. §285; and

(E)    Such other and further equitable relief as this Court may deem just and proper.

Date: _____

John R. Schaibley, III
Catherine A. Meeker
**Baker & Daniels**
300 N. Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Facsimile:  (317) 237-1000

**Of Counsel**:
Daniel A. Boehnen
Grantland G. Drutchas
James C. Gumina
**McDonnell Boehnen Hulbert & Berghoff**
300 South Wacker Drive
Chicago, Illinois  60606
Telephone: (312) 913-0001
Facsimile:  (312) 913-0002

6

INIMAN2 718969v1

Brent Allen Harris
**Roche Diagnostics Corporation**
9115 Hague Road
Indianapolis, IN  46250
Telephone:    (317) 521-3416
Facsimile:    (317) 521-2883

INIMAN2 718969v1